[No. 12139. Department One. January 6, 1915.]

DOMINICK RASTELLI, *Respondent*, v. L. C. HENRY *et al.*, *Appellants.*[1]

MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE—QUESTION FOR JURY. Whether the foreman of railroad construction work was guilty of negligence in not anticipating injury to an employee whom he ordered to ride on the front of the engine, is a question for the jury, where there was evidence that the foreman placed a heavy pinch bar on the foot board of the engine, which joggled off on account of the roughness of the roadbed, and struck dirt dumps which the foreman knew had not been leveled, and caused the employee to be thrown onto the tracks.

SAME—ASSUMED RISKS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. Whether an employee in railroad construction work assumed the risks or was guilty of contributory negligence in obeying an order to ride upon the front of the engine, whereby he was thrown onto the rails when a heavy pinch bar on the foot board joggled off and struck dirt dumps that had not been leveled, are questions for the jury, where, although the employee knew of the presence of the pinch bar and the roughness of the roadbed, he did not know of the presence of the dirt dumps, which were usually leveled off as soon as dumped, and he was ordered to hurry, so that he had no opportunity to select a safer place on the front of the engine than the one he occupied.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered January 26, 1914, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee in railroad construction work. Affirmed.

[1]Reported in 145 Pac. 195.

8—83 WASH.

*Peters & Powell* and *G. E. de Steiguer*, for appellants.

*Burton E. Bennett*, for respondent.

GOSE, J.—The plaintiff was injured while engaged in the service of the defendants, and seeks compensation upon the theory that the defendants were negligent. The jury adopted the plaintiff's view of the case, and the verdict was made effective by a judgment. This appeal followed.

This is the second appeal. *Rastelli v. Henry*, 73 Wash. 227, 131 Pac. 643. The facts are fully stated in the opinion on the former appeal. In brief, they are as follows: The respondent is an Austrian by birth, was twenty-six years of age at the time he met his injury, and was experienced in railroad construction work. He had worked for the appellants about eight days. The appellants were making a fill for a side track. The respondent worked a part of a day along the fill. He was then put to work as a pitman, that is, working about a steam shovel. The dirt for the fill was loaded onto cars by means of a steam shovel. The cars were hauled on a temporary track to the fill, where they were dumped. It was customary for the men who dumped the cars to level the dirt immediately. The respondent testified that, on the morning of the accident, the appellants' foreman directed the steam shovel crew to get onto the pony engine and go down the track for the purpose of putting a steam or leveling plow onto the track; that the foreman directed him to take a frog weighing twenty-five or thirty pounds (others say eighty pounds) with him; that he did so; that he attempted to get on the back part of the engine, and found the space all taken; that the foreman then said to him to get on in front; that he got on in front with the frog, and noticed a pinch bar lying upon the running board; that he stepped upon the running board and had to hold to the frog; that the engine started at once; that after they had gone some distance, the pinch bar shifted so that it projected over the end of the running

board, came in contact with an earth dump, and threw the plaintiff in front of the engine in such a way that his leg was cut off. The foreman testified that a few dumps had been left near the edge of the temporary track the day before to be leveled with the plow car as soon as it was placed on the track. A witness for the respondent testified that the foreman put the pinch bar on the running board of the engine. The pinch bar was four or five feet in length and weighed twelve to fifteen pounds. Respondent said that just as soon as he got onto the foot board the engine started, and that the whole crew including the engineer was under the direction of the foreman. The witness who testified that the foreman put the pinch bar on the foot board said that the foreman told the respondent to get on in front, and said, "Hurry up; jump on in front," and that the respondent obeyed the order. A witness testified that the dumps are usually leveled at once by the men who dump the cars. The testimony shows that the foreman knew that the dumps were there. There is no evidence that the respondent knew this fact. The inference is that he did not, because, as we have said, the testimony is that the custom was to level the dumps at once. The foreman testified that he did not put the pinch bar on the engine, and that he did not know the respondent was upon the front of the engine until after he had been injured.

The appellants contend, (1) that the injury could not have been reasonably foreseen or anticipated; (2) that the respondent assumed the risk and was guilty of contributory negligence.

In the light of the facts stated, we think it was for the jury to say whether an ordinarily prudent foreman ought reasonably to have anticipated the results that followed. The jury were warranted in believing that the foreman placed the pinch bar upon the running board, and the foreman testified that he knew of the presence of the dumps. The jury were also warranted in believing that a reasonably

prudent man would have anticipated that the motion of the engine might cause the pinch bar to project beyond the end of the foot board.

Questions of assumed risk and contributory negligence will be considered together. The respondent was a man experienced in railroad construction work. He knew that cars were being loaded with dirt and that dirt was being dumped into the fill; but there is no testimony that he knew that the dumps had not been leveled. He assumed the open and obvious dangers, but he did not assume those that were not open and obvious. He knew of the presence of the pinch bar. As a man experienced in such work he knew that the track was a temporary one and that the pinch bar might joggle over the end of the foot board. The proximate cause of the injury, however, was the presence of the pinch bar and the dump of earth. He knew of the presence of one of the elements, but not of the other. The burden of proving that the respondent assumed the risk or that he was guilty of contributory negligence was upon the appellants.

It is argued in this connection that the respondent voluntarily chose the running board which was a dangerous place, when he might have stood upon the deadwood which was a safe place. The answer to this is two-fold; first, he did not know of the presence of the dump; second, he was told to "Hurry up; jump on in front," and just as soon as he got onto the running board with the frog the engine started. The jury were warranted in believing this testimony and, if they did believe it, the respondent had little time or opportunity for selecting a safe place or for determining which was the safer place, the deadwood or the footboard.

It is said that respondent should have laid the frog upon the rods or hand rails which were attached to the engine, and that he should have taken hold of one of these rods. He testified that he could not so place the frog, and that he had to hold it. The photographic views of the engine do not

conclude him upon the question, in view of the haste with which he was required to act.

The appellants have cited a line of authorities which would be in point if the respondent had been injured because of any defects in the temporary track. The respondent testified that he knew that the track was not good. He, of course, knew that it was a temporary track. He knew the character of the work. Indeed, he knew every condition and every element present save one, the dump of earth.

We think the case was one for the jury. The judgment is affirmed.

CROW, C. J., and PARKER, J., concur.

CHADWICK, J. (concurring)—It is my opinion that the former decision of this court, 73 Wash. 227, 131 Pac. 643, is wrong. The danger was obvious, and the risk was incident to the work then being done by the plaintiff and his associates; but this court held, inferentially at least, that if there had been testimony tending to show that the foreman himself had placed the pinch bar on the foot board, it would be for the jury to say whether it was an act of negligence and the proximate cause of the injury. That decision, it seems to me, compels the present holding, and for that reason I concur in the result.